UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:12-cr-20052-7

HONORABLE STEPHEN J. MURPHY, III

v.

DWAYNE RNAY TAYLOR,

        Defendant.

                                 /

**OPINION AND ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE [832]**

In 2019, Defendant Dwayne Rnay Taylor pleaded guilty to money laundering and conspiracy to possess with intent to distribute heroin. ECF 795, PgID 11855. The Court sentenced Defendant to ninety months' imprisonment. *Id.* at 11856. Twice since the onset of the COVID-19 pandemic, Defendant moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 816; ECF 826. The Court denied both motions because Defendant failed to exhaust his administrative remedies. ECF 824, PgID 12240; ECF 829, PgID 12252.

After the most recent denial, Defendant sent a request to his prison warden for release due to his health conditions. ECF 837, PgID 12349. More than thirty days had passed without an answer before Defendant filed the present motion for compassionate release. ECF 837. Defendant has therefore exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring that thirty days must lapse from a defendant's request to the Bureau of Prisons for release before

1

filing a motion for compassionate release). The Court will now address the merits of the motion.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. The Guidelines classify those reasons in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id*. at cmt. n.1(A)–(D).

Even if Defendant establishes "extraordinary and compelling reasons," he is ineligible for compassionate release if he is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court must consider the 18 U.S.C. § 3142(g) factors when determining the dangerousness of Defendant. U.S.S.G. § 1B1.13(2). Those factors include: (1) the nature and circumstances of the offense, (2) the weight of the evidence against Defendant, (3) Defendant's history and characteristics, and (4) the nature and seriousness of the danger Defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

Defendant has easily proven that "extraordinary and compelling reasons" warrant his release. U.S.S.G. § 1B1.13(2). The government even conceded this much. ECF 836, PgID 12326. Defendant here suffers from Diabetes, Lupus, Asthma, Hypertension, and Glaucoma. ECF 832, PgID 12174. Given these medical conditions,

2

Defendant is at high risk of severe illness should he contract COVID-19. *See People with Certain Medical Conditions*, CDC, (Sept. 18, 2020), https://bit.ly/31WKhck [https://perma.cc/L7A5-QLBA]. The Court must now consider whether Defendant is "a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2).

First, Defendant's drug trafficking conviction is an express factor that warrants detention under 18 U.S.C. § 3142(g)(1). Plus, involvement in "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Courts in the Eastern District of Michigan have already found that defendants involved in drug trafficking pose a danger to the community. *See United States v. Thompson*, No. 18-20496, 2020 WL 5412650, at *2 (E.D. Mich. Sep. 9, 2020) (finding that a defendant who sold cocaine and ecstasy and kept a firearm to protect the drugs was a danger to the community); *United States v. Williams*, No. 06-20411, 2020 WL 5362066, at *1 (E.D. Mich. Sep. 8, 2020) (finding that a defendant who was a "'violent drug dealer' with a history of armed robbery" was a danger to the community). To that end, the Government asserted that Defendant has multiple drug convictions involving a firearm and another conviction for child abuse. ECF 836, PgID 12329–30. And Defendant did not refute the Government's allegations. In all, Defendant's criminal offenses clearly convey a danger the community.

For the second § 3142(g) factor, the Court must weigh "the evidence of dangerousness[.]" *Stone*, 608 F.3d at 948. Although Defendant's criminal convictions

3

weigh heavily in favor of finding dangerousness, Defendant has presented evidence of rehabilitation. And evidence of rehabilitation is important to showing that a defendant has overcome a violent past. *See United States v. Spencer*, No. 1:15-cr-375, 2020 WL 3047439, at *5 (N.D. Ohio June 8, 2020) (pointing out that a defendant's rehabilitation efforts may outweigh dangerous criminal history).

Here, Defendant is actively enrolled in a drug rehabilitation program. ECF 837, PgID 12345. Defendant also earned his GED and is now taking extra classes. ECF 832-6, PgID 12301. And Defendant has had no disciplinary issues in prison. ECF 832-7, PgID 12303. What is more, Defendant committed his drug trafficking and money laundering crimes almost ten years ago. ECF 832-8, PgID 12305. The Court cannot, however, find that two years of good prison behavior is enough to override Defendant's serious criminal history. *See Spencer*, 2020 WL 3047439, at *5 (detailing that a defendant who has served half his sentence with good behavior along with educational achievement did not reduce the seriousness of his "extensive history with guns and violence"). The Government has therefore satisfied its burden and established that the second factor weighs against Defendant. *See United States v. Taylor*, 449 F. Supp. 3d 668, 673–74 (E.D. Ky. 2020) (recognizing that the Government established its burden based on a defendant's criminal history).

For the third § 3142(g) factor the Court must evaluate Defendant's "character, physical and mental condition, . . . family ties, employment, . . . history relating to drug [] abuse, . . . [and] criminal history[.]" 18 U.S.C. § 3142(g)(3)(A). To his credit, Defendant has secured employment in the event of his early release. ECF 832-3, PgID

4

12295. And Defendant has also shown that he has a good relationship with his family, who he would plan to live with after his release. *Id.*; ECF 832-7, PgID 12303; ECF 837, PgID 12351. But Defendant's criminal history and history of drug abuse are the greatest impediments to an early release. Admittedly, Defendant has made significant progress through participating in the RDAP program. ECF 832, PgID 12283. But "[t]he fact that [Defendant] is thriving in prison, away from any access to weapons and drugs, underscores the need for the sentence [that] the Court imposed to continue to afford [Defendant] the education and training necessary to . . . rejoin society in a non-violent fashion." *Spencer*, 2020 WL 3047439, at *5. The Court therefore finds that the third factor weighs against Defendant's release.

Under the last § 3142(g) factor, the Court must evaluate "the nature and seriousness of the danger" that Defendant would pose "to any person or the community[.]" 18 U.S.C. § 3142(g)(4). And danger to "the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam) (internal quotation marks omitted). Given Defendant's partnership in a drug trafficking ring, his various uses of firearms, and his child abuse conviction, the Court finds that the fourth factor weighs against Defendant's release. *See Stone*, 608 F.3d at 947 n.6 ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."); *see also Cook*, 880 F.2d at 1161. Because all four 18 U.S.C. § 3142(g) factors weigh against Defendant, the Court finds that Defendant is a danger to the

5

community and is therefore ineligible for compassionate release. The Court will therefore deny Defendant's motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release [832] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: October 13, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2020, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager