UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DWAYNE RNAY TAYLOR,

        Defendant.

                                  /

Case No. 2:12-cr-20052-7

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE [832]**

In 2019, Defendant Dwayne Rnay Taylor pleaded guilty to money laundering and conspiracy to possess with intent to distribute heroin. ECF 795, PgID 11855. The Court sentenced Defendant to ninety months' imprisonment. *Id.* at 11856. Thrice since the onset of the COVID-19 pandemic, Defendant moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 816, 826, 832. The Court denied the first two motions because Defendant failed to exhaust his administrative remedies. ECF 824, PgID 12240; ECF 829, PgID 12252. The Court denied the third motion because it found Defendant was a danger to the community. ECF 839, PgID 12366–67. Defendant later appealed the third denial. ECF 840.

While on appeal, the Government moved to remand the case. ECF 852, PgID 12452. The Sixth Circuit in turn granted the motion and vacated the Court's order, ECF 839, because of a change in case law after the Court denied the third motion for compassionate release, ECF 852, PgID 12453; *see United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020). On remand, the Sixth Circuit instructed the Court to

1

decide whether the sentencing factors under 18 U.S.C. § 3553(a) favor Defendant's release. ECF 852, PgID 12453.

Although the Government conceded and the Court found that Defendant has established "extraordinary and compelling reasons" for compassionate release, ECF 839, PgID 12363–64, the Court "may still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify" release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) contains six factors for the Court to consider in a motion for compassionate release. After reviewing the factors, the Court finds that early release is not warranted.

First, the nature and circumstances of Defendant's offense and his history and characteristics show extensive disrespect for the law. 18 U.S.C. § 3553(a)(1). For example, Defendant's "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). To that end, the Government asserted that Defendant has multiple drug convictions involving a firearm and another conviction for child abuse, which Defendant did not refute. ECF 836, PgID 12329–30. Although Defendant's drug trafficking and money laundering crimes occurred almost ten years ago, ECF 3, PgID 7–11, 13–19, Defendant went on the lam for several years after the grand jury's indictment, ECF 732, PgID 11284. When the police finally caught Defendant, he was using a fake identity. ECF 732, PgID 11284.

Admittedly, Defendant has shown some rehabilitation. ECF 832, PgID 12282–83; ECF 837, PgID 12345. But the Court does not believe that a few years of good

prison behavior is enough to override Defendant's serious criminal history. *See United States v. Boatwright*, No. 06-20099, 2020 WL 6871003, at *2 (W.D. Tenn. Nov. 23, 2020) (Cleland, J.) ("While Defendant's good behavior is encouraging, it is by no means exceptional or unusual. Many prisoners display great personal growth while incarcerated, and, by itself, improvement does not qualify a prisoner for a reduced sentence.").

Second, Defendant's ninety-month sentence is necessary given his extensive criminal history. 18 U.S.C. § 3553(a)(2). Here, Defendant has served about a third of his sentence. ECF 837, PgID 12344. Given that Defendant spent far more time as a fugitive than in jail for his current sentence, allowing Defendant out early would in no way "provide just punishment for the offense[,]" deter criminal conduct, or "promote respect for the law[.]" § 3553(a)(2)(A)–(B). Defendant showed four years of special disregard for the law and early release would not afford just punishment for Defendant's crime. § 3553(a)(2)(A). And the Court is unconvinced that a few years in prison with good behavior is enough to adequately deter Defendant from committing criminal conduct in the future. § 3553(a)(2)(C); *see Boatwright*, 2020 WL 6871003, at *2.

To compound those concerns, the Court is also mindful that Defendant has violated his probation in the past. ECF 732, PgID 11284 (citing ECF 699, PgID 10959). In short, releasing Defendant now would mean that the Court would reduce his sentence by almost five years and that would not adequately deter Defendant or the public at large. *See United States v. Miracle*, No. 18-20422, 2021 WL 62179, at *3

3

(E.D. Mich. Jan. 7, 2021) (determining that reducing a defendant's sentence by two years would not promote adequate deterrence). Put another way, the Court sentenced Defendant about eighteen months ago, ECF 795, and releasing Defendant now would not "adequately reflect the seriousness of Defendant's reprehensible conduct." *United States v. Wesaw*, No. 11-20129, 2021 WL 21759, at *3 (E.D. Mich. Jan 4, 2021) (finding that releasing a defendant two years after sentencing would not reflect the seriousness of the criminal conduct).

Third, although Defendant has several health issues, the Court finds that confinement is necessary to promote treatment for Defendant's history of drug abuse. *See* 18 U.S.C. § 353(a)(2)(D). Defendant has made significant progress through participating in the Residential Drug Abuse Program. ECF 832, PgID 12283. But "[t]he fact that [Defendant] is thriving in prison, away from any access to [] drugs, underscores the need for the sentence [that] the Court imposed to continue to afford [Defendant] the education and training necessary to prepare him to rejoin society[.]" *See United States v. Spencer*, No. 1:15-cr-375, 2020 WL 3047439, at *5 (N.D. Ohio June 8, 2020). Indeed, the Court hopes that Defendant continues to make the most of his educational opportunities, as he has already done by earning his GED. ECF 832, PgID 12283. In all, the Court finds that Defendant's confinement is necessary for Defendant to receive the necessary treatment and training he needs to reenter society.

Fourth, the Court sentenced Defendant to ninety months in prison. ECF 795, PgID 11856. The ninety-month sentence was below the Government's requested

4

range, ECF 789, PgID 11650, and it was far below the sentencing guidelines range of 135 to 168 months, ECF 813, PgID 12013. Because Defendant is requesting a total imprisonment of only thirty-four months, "the established sentencing range counsels strongly against" Defendant's request. *United States v. Jackson*, No. 11-20551, 2020 WL 7767945, at *4 (E.D. Mich. Dec. 30, 2020) (citing 18 U.S.C. §§ 3553(a)(4), 3582(c)(1)(A)).

In all, after considering each of the § 3553(a) factors, the Court will deny Defendant's motion for compassionate release because the sentencing factors strongly outweigh the "extraordinary and compelling reasons" that Defendant has otherwise presented.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release [832] is **DENIED**.

**SO ORDERED.**

                                                 s/ Stephen J. Murphy, III
                                                 STEPHEN J. MURPHY, III
                                                 United States District Judge

Dated: February 18, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 18, 2021, by electronic and/or ordinary mail.

                                                 s/ David P. Parker
                                                 Case Manager